UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Lenworth Parke,

Petitioner,

-v.-                                                   5:97-CV-526
                                                       92-CR-035
                                                       (NPM)

United States of America,

Respondent.

APPEARANCES:                           OF COUNSEL:

FOR THE PETITIONER:

Lenworth Parke
Petitioner, *pro se*
04432-052
United States Penitentiary
P.O. Box 2099
Pollack, LA 71467

FOR THE RESPONDENT:

HON. GLENN SUDDABY                 John G. Duncan, Esq.
United States Attorney         Assistant United States Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton St.
Syracuse, NY 13261-7198

Neal P. McCurn, Senior United States District Judge

## MEMORANDUM, DECISION AND ORDER

Presently before the court is petitioner Lenworth Parke's ("Parke") Fed. R. Civ. P. 60(b)(6) motion for relief from judgment (Doc. #60), specifically from this court's April 22, 1999 denial of his motion to vacate, set aside, or modify his sentence pursuant to 28 U.S.C. § 2255.  Parke brings this motion in light of the Supreme Court case of <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), which, in Parke's opinion, renders this court's ruling on Parke's previous Rule 60(b) motion "defective."  For the reasons set forth below, Parke's motion will be denied.

### Factual and Procedural Background

In February 1993, after a jury trial, Parke and four co-defendants were convicted of five felonies stemming from the drug-related murder of an undercover police officer.  Each received a life sentence.  Parke's conviction was thereafter affirmed on appeal.  <u>See</u> <u>United States v. Thomas</u>, 34 F.3d 44 (2d Cir. 1994).  On April 16, 1997, Parke filed a motion to vacate, set aside, or modify his sentence pursuant to 28 U.S.C. § 2255, based on his claims of perjury on behalf of a government witness, prosecutorial misconduct, and ineffective assistance of trial counsel.  <u>See</u> <u>Parke v. United States</u>, No. 97-CV-

526, 1998 WL 326762, at *1 (N.D.N.Y. Apr. 27, 1998). Parke filed a supplemental motion on August 13, 1997, which asserted the additional claim of ineffective assistance of appellate counsel. See id. Citing the prevailing view of district courts in this circuit at the time, this court denied Parke's motion and dismissed his § 2255 petition as untimely. See id. at *3. Two months later, the Second Circuit Court of Appeals rejected the prior prevailing view among the district courts upon which this court relied in denying Parke's motion. See id. at *1, citing Rose v. Artuz, 150 F.3d 97, 101-103 (2d Cir. 1998). Thus, this court reopened the matter and decided Parke's previous claims as well as an additional ground for relief. See Parke v. United States, No. 97-CV-526, 1999 WL 242637 (N.D.N.Y. Apr. 22, 1999). All of those claims were decided against Parke on the merits, including his claim of ineffective assistance of trial counsel. The court denied that claim, citing Billy-Eko v. United States, 8 F.3d 111 (2d Cir. 1993), wherein the Second Circuit held that "where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural defect and actual prejudice resulting therefrom." See Parke v. United States, 1999 WL 242637, at *2, citing Billy-Eko, 7 F.3d at 113-114. The court

also considered (and denied) Parke's claim of ineffective assistance of appellate counsel, holding that appellate counsel's representation was not unreasonable. The court alternatively noted that appellate counsel did, in fact, raise the argument that Parke claimed was omitted in the appellate brief. Id.

On April 23, 2003, the Supreme Court abrogated Billy-Eko, holding instead that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." See Massaro v. United States, 538 U.S. 500, 123 S.Ct. 1690, 1694 (2003). On May 27, 2003, Parke filed a Rule 60(b) motion to reopen this court's April 22, 1999 order denying his § 2255 motion regarding his ineffective assistance of trial counsel claim. The United States (hereinafter, "the government") opposed that motion. On February 17, 2004, this court deemed Parke's motion a second or successive motion, requiring certification from the Court of Appeals in accordance with 28 U.S.C.A. § 2255. Pursuant to that ruling, certified copies of the pertinent documents were forwarded to the Second Circuit Court of Appeals. Parke failed to file, within forty-five days, the required application requesting that the Court of Appeals authorize a second or successive habeas corpus petition in the United States

Court.  For that reason, authorization for the underlying petition was denied by the Second Circuit pursuant to its ruling in <u>Liriano v. USA</u>, 95 F.3d 119 (2d. Cir. 1996), which set forth said application requirements.

On October 20, 2005, Parke filed the present Motion for Relief from Judgment Under Rule 60(b)(6), Federal Rules of Civil Procedure, in Light of <u>Gonzalez v. Crosby</u>, 545 U.S. __, (2005), For Defect in the Integrity of the Habeas Process.  Parke specifically requests Rule 60(b) relief from this court's order, dated April 22, 1999, that refused to give habeas review of Parke's ineffective assistance of counsel claim,  because Parke failed to raise the issue on direct appeal.  The government opposes Parke's motion.

## Analysis

I.    Fed. R. Civ. P. Rule 60(b)(6) Motion for Relief from Judgment

Rule 60(b) provides in pertinent part that:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, ... or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

5

 Fed. R. Civ. P. Rule 60(b).

"Subpart (6) confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (internal citations and quotation marks omitted). "Furthermore, it is properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship." Id. at 55-56. However, "as a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6)." Id. at 56.  In Pichardo, the court of appeals found that the facts of that particular case carved out an exception, in that "[a]bsent a meaningful and substantive review of [the alien's] case, manifest injustice will occur because the change in law goes to the very basis of [the alien's] deportation." Id.

     The government first argues that Parke is not entitled to relief under Rule 60 (b)(6), and that his reliance on Gonzalez is misplaced for two reasons: (1) Gonzalez does not apply to the Parke because he is a federal prisoner, and (2) Parke has failed to demonstrate the existence of the "extraordinary circumstances" necessary for Parke to obtain relief. Gonzalez v. Crosby, 545

6

U.S. 524, 125 S.Ct. 2641, 2646-50 (2005).

In <u>Gonzales</u>, the Supreme Court held that a Rule 60(b) motion by a state prisoner was not a successive habeas petition under § 28 U.S.C. 2254 "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction." <u>Id.</u> at 2648.  In addition, <u>Gonzalez</u> clearly indicated that the Court limited its consideration to § 2254 cases:

> [W]e consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C.§ 2254, which governs habeas relief for prisoners convicted in *state court*.  Federal prisoners generally seek post-conviction relief under § 2255, which contains its own provision governing second or successive applications.  Although that portion of § 2255 is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical.

<u>Gonzales v. Crosby</u>, 545 U.S. 524, 125 S. Ct. at 2646 n.3 (2005) (*emphasis added*).  Accordingly, the court concurs with the government's assertion that Parke's reliance on <u>Gonzalez</u> is misplaced.  However, the Second Circuit has ruled that "a motion under Rule 60(b) to vacate a judgment denying habeas is not a second or successive petition and should therefore be treated as any other motion under Rule 60(b)." <u>Rodriguez v. Mitchell</u>, 252 F.3d 191, 198 (2d Cir. 2001).  In <u>Parke v. U.S.</u>, 2004 WL 437464 (N.D.N.Y.), this court considered

Rodriguez, and performed a thorough analysis of Parke's ambiguous motion. The court concluded that although Parke's motion was cloaked as a Rule 60(b) motion, it was, in fact, a second or successive petition pursuant to § 2255. See Id.

As a threshold matter, this court must afford Parke, as a *pro se* litigant, a liberal reading of his papers, and interpret them "to raise the strongest arguments that they suggest." Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003) (internal citations and quotation marks omitted). Parke strenuously asserts that his motion does not raise any § 2255 claim, "but rather seeks to undo the [c]ourt's defective default ruling." (Doc. # 60). Consequently, the court construes Parke's present motion as one pursuant to Rule 60(b)(6), in deference to Parke's *pro se* status and to the Second Circuit's holding in Rodriguez.

However, the court finds that Parke's motion still fails in respect to the requirements of Rule 60(b)(6). "[R]elief under Rule 60(b)(6) is appropriate only in cases presenting extraordinary circumstances." Rodriquez, 252 F.3d at 201 (internal quotations omitted). This court follows Rodriguez and Pichardo, above, for the premise that the change in decisional law that Parke cites does not constitute the "extraordinary circumstances" necessary to justify the relief he

8

seeks.  In addition, the court finds that Parke's case does not fit into the <u>Pichardo</u>

"manifest injustice" exception to the general rule that a change in decisional law

does not amount to extraordinary circumstances. <u>Pichardo</u>, 374 F.3d at 56.

II.    Ineffective Assistance of Counsel Claims

The government further argues that even if this court reconsiders  Parke's

§ 2255 motion, Parke will still lose on the merits of his ineffective assistance of

trial counsel claim (as noted above, Parke's claim of ineffective assistance of

appellate counsel was decided on the merits in  <u>Parke v. United States</u>, No. 97-

CV-526, 1999 WL 242637 (N.D.N.Y. Apr. 22, 1999) (aff'd by <u>Parke v. US</u>, 25

Fed. Appx. 72 (2d Cir. 2002)).  The government argues that the claim lacks merit

because it fails to meet the two-part test for ineffective assistance of counsel set

forth in <u>Strickland v Washington</u>, 466 U.S. 668, 687 (1984).  The court agrees.

A two-part set forth by the Supreme Court in <u>Strickland v. Washington</u>,

466 U.S. 668, 104 S. Ct. 2052 (1984)  is utilized to determine ineffective

assistance of counsel:

> <u>Strickland</u> established a two-prong test to determine whether counsel
> has been ineffective.  A defendant must prove that: (1) counsel's
> representation fell below an objective standard of reasonableness
> under prevailing professional norms and (2) there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A criminal defendant has a high burden to overcome to prove the deficiency of his counsel.

To determine whether a counsel's conduct is deficient, the court must determine whether, in light of all circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  In gauging the deficiency, the court must be highly deferential, must consider all the circumstances, must make every effort ... to eliminate the distorting effects of hindsight, and must operate with a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...."

Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006) (internal citations and quotations omitted).

Parke claims that his defense counsel (1) failed to challenge the testimony of government witnesses whom Parke accuses of perjury, (2) refused to allow Parke to testify at the trial, and (3) failed to move for a severance from other defendants who were present at the scene of the murder, after the district court gave a self-defense instruction.  As a threshold matter, this court noted that "even a cursory review of the claims and record reveals that they are without merit." Parke v. US, 1999 WL 242637 at 2, n.4).  Parke sets forth no new evidence to persuade the court to vary that opinion.  The government proffers, and the court concurs, that there is no evidence in the trial record that any of the government witnesses committed perjury, nor has Parke shown that his counsel's failure to

challenge the testimony denied him a fair trial. Considering the claim that defense counsel refused to allow Parke to testify at trial, the Second Circuit has previously rejected Parke's claim as being "without merit." See United States v. Thomas, 34 F.3d 44, 50 (2d Cir. 1994). Finally, the court considers Parke's claim that defense counsel's failure to move for a severance from the other defendants when the jury was charged with the self-defense instruction constitutes ineffective assistance of counsel. Parke expresses his concern that the instruction caused the jurors to be confused and link Parke to the co-defendants who were at the scene of the murder. The court finds that a reasonable jury would not be confused by the instruction, and Parke proffers no new evidence that the particular jury in this case was confused by said instruction. In fact, the jury made a determination that Parke was linked to the co-defendants pursuant to conspiracy, codified at 18 U.S.C. A. §§ 2, 1111, and 1114. Consequently, Parke's presence at the crime scene was not at issue.

Accordingly, the court finds that Parke has not overcome his heavy burden to prove the deficiency of his counsel, nor was he prejudiced by defense counsel's failure to move for severance. Nothing in the vast record of this case or complained about by Parke persuades the court that the outcome of his trial

would have been different but for the conduct of his attorney.  Parke fails to satisfy both the first and the second prong of the <u>Strickland</u> test.

## Conclusion

Accordingly, for the reasons set forth above, Parke's Rule 60(b)(6) motion for relief from judgment (Doc. # 60) is hereby DENIED.

IT IS SO ORDERED.


DATED:    October 20, 2006
                Syracuse, New York

_____
Neal P. McCurn
Senior  U.S. District Judge